## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**CHRISTOPHER DALTON THOMAS**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:19CV-157-GNS**

**DAVID L. BERNHARDT** *et al.*                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Christopher Dalton Thomas filed the instant *pro se* action proceeding *in forma pauperis*.

By prior Order (DN 32), the Court directed Plaintiff to file an amended complaint stating all claims he wished to assert in this action and naming all Defendants he wished to sue within 30 days.  The Court also instructed that the amended complaint would supersede the original complaint and all prior purported amendments and motions to amend.  Plaintiff filed a motion for extension of time to file an amended complaint.  Upon review, **IT IS ORDERED** that the motion for extension of time (DN 33) is **GRANTED**.

Plaintiff has now filed an amended complaint (DN 34).  Because he filed a prior amended complaint, the **Clerk of Court is DIRECTED** to modify the docket entry of DN 34 to reflect that it is a **second** amended complaint.

This matter is now before the Court upon initial review of the second amended complaint (DN 34) pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss some of the claims and allow some claims to proceed for further development.

# I.  SUMMARY OF ALLEGATIONS

Plaintiff alleges employment discrimination, retaliation, hostile work environment,

defamation, libel, and other claims.  He sues the following Defendants:  David L. Bernhardt, the

Secretary of the Department of Interior; the Kentucky Personnel Board; Aarika Mack-Brown, an

Administrative Judge with the Equal Employment Opportunity Commission (EEOC); the

Kentucky Energy & Environmental Cabinet; South Central Community & Technical College;

Leslie Lewis and Christopher Clark, Plaintiff's supervisors at Mammoth Cave National Park;

and "Anonymous False Accusers."

The complaint is lengthy and makes a variety of allegations.  Plaintiff summarizes his

complaint in the "Background" section as follows:

> An employment discrimination appeal from 2014 with the Kentucky Personnel
> Board (Appeal 2013-291, Document #5) has resulted in a chain reaction of serious
> problems because the ruling is online and full of misinformation.  Make-believe
> accusations of sexual harassment in the related order have rendered me
> unemployable.  The lies keep getting bigger as they are perpetuated through the
> employment system and civil appeals process.  In 2017 after coworkers at
> Mammoth Cave (MACA) found the appeal in a google search I was terminated
> from federal employment and my federal employment records were also falsified.
> I was terminated from my Biology teaching position from South Central
> Community Technical College (SKYCTC) when they found out about my
> investigation with MACA.  Now I have lost additional jobs and my life is wrecked.

Plaintiff further states in the "Background" section:

> I am seeking a full formal exoneration from all related accusations (Doc. 20),
> compensation for DEFAMATION OF CHARACTER, libel, emotional distress,
> lost wages/employment loss, legal fees, loss of liberty, etc.  I am seeking
> recognition of discrimination in both related cases.  I am also seeking formal
> dismissal of both related civil rulings involving the EEOC ruling in case 470-2019-
> 00060x (Doc. 5 & 15) & KY Personnel Board Appeal 2013-291 (Doc.18). The
> slanderous rulings are such a gross distortion of the truth.  I consider them both to
> be a form of criminal libel.  Most of the primary issues are simple but the story is
> complex and has been ongoing since Dec. 2013.  I will attempt to describe the
> events in chronological order.  Related issues include multiple job losses, multiple
> levels of retaliation & discrimination, falsification & alteration of records,

harassment, negligence, slander, due process violations, FOIA violations, hostile environment, etc.  I am seeking compensation for all of this.

In the next section, which Plaintiff titles, "Claim Summary," Plaintiff alleges the following claims:  defamation of character; emotional distress; falsification of federal employment record; discrimination based on "gender, disability, reprisal"; retaliation; negligence; due process violations; "Alteration of Records and/or Civil Rights Fraud"; harassment; hostile work environment; libel; "Potential Constitutional Rights Violations"; and "Illegitimate & Prejudiced EEOC Court Proceeding."

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

**A.  Division of Forestry termination and Kentucky Personnel Board decision**

Plaintiff alleges that he worked for the Kentucky Division of Forestry (KDOF) and was terminated in December 2013.  He states, "I am requesting that the ruling in Appeal 2013-291 is set aside & the discrimination recognized in my Dec. 2013 termination from the Kentucky Division of Forestry."  Plaintiff states that, while employed at the KDOF, he complained about safety issues after he suffered a fall.  He states that his "coworkers conspired against me to falsely accuse me of obscene sexual harassment allegations and I was terminated.  The women on the crew were creating dangerous and hostile work environments and fraudulently accusing me."  He details the situation surrounding his termination.  Plaintiff alleges, "It is my constitutional right to report discrimination, unsafe working conditions or violations of the law in employment free from retaliation.  Even the Personnel Board retaliated against me for filing this appeal by further slandering me in a permanent form."  He points out numerous "lies" stated in the Kentucky Personnel Board's Recommended Order made in 2014 and maintains, "The facts

establish that the individuals responsible for this are slanderers & this ruling is fraudulent.  I

believe the act of intentionally misconstruing all the relevant facts in a case like this is criminal."

He further asserts, "I made a whistleblower complaint about serious safety concerns that resulted

in falling off the side of a cliff.  It was validated by management.  I was exercising my legal right

to protect myself and they retaliated and falsely accused me of obscene sexual harassment

claims."  (Emphasis by Plaintiff omitted.)

   With regard to the Kentucky Personnel Board, the Court construes the second amended

complaint as alleging that the Kentucky Personnel Board violated his constitutional rights in

conducting the hearing and issuing its findings.  A claim for violation of constitutional rights

must be brought under 42 U.S.C. § 1983.  S*ee Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir.

1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and

needlessly redundant to imply a cause of action arising directly under the Constitution where

Congress has already provided a statutory remedy of equal effectiveness through which the

plaintiff could have vindicated her constitutional rights.").

   The statute of limitations for § 1983 actions is governed by the limitations period for

personal-injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S.

384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations

found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th

Cir. 1990).  Although state law establishes the statute of limitations for § 1983 actions, federal

law controls on the issue of when the statute of limitations begins to run.  *Sevier v. Turner*, 742

F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations

accrues when the plaintiff knew or should have known of the injury that forms the basis of the

claim alleged in the complaint. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389,

393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)); *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff attached the Kentucky Personnel Board's "Final Order Sustaining the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order as Altered" to his first amended complaint (DN 5).  The Final Order is dated July 16, 2014.  Therefore, the statute of limitations for Plaintiff's § 1983 claims expired one year later on July 16, 2015.  Plaintiff filed the original complaint on October 29, 2019.  Therefore, Plaintiff filed his complaint over four years after the statute of limitations expired.  Even if Plaintiff were to argue that he became aware of the injury when he was terminated from his employment with Mammoth Cave after co-workers there discovered the Kentucky Personnel Board decision on-line, Plaintiff attached his termination letter from Mammoth Cave to his first amended complaint (DN 5).  The letter is dated July 27, 2017.  Therefore, the statute of limitations would have expired on July 27, 2018, more than a year before Plaintiff filed the instant action on October 29, 2019.  Therefore, the claim would still be barred by the one-year statute of limitations.  Accordingly, the § 1983 claims must be dismissed as frivolous.

To the extent that Plaintiff brings state-law claims for defamation of character and libel against the Kentucky Personnel Board, the statute of limitations for bringing those claims is also one year.  *See Bargo v. Goodwill Indus. of Ky., Inc.*, 969 F. Supp. 2d 819, 829 (E.D. Ky. 2013) ("[T]he one-year statute of limitations applies to Plaintiffs' false light and defamation claims."); Ky. Rev. Stat. § 413.140(1)(d).  A cause of action for defamation accrues at the time of

publication, not when the plaintiff learns or should learn of its existence. *Lashlee v. Sumner*, 570

F.2d 107, 109 (6th Cir. 1978); *see also Caslin v. Gen. Elec. Co.*, 608 S.W.2d 69, 70 (Ky. Ct.

App. 1980) ("[I]t is the publication of the alleged libelous matter that causes the defamation or

injury thus commencing the running of the one year statute of limitations provided by KRS

413.140(1)(d).").

The publication of the alleged libelous matter would presumably have been the issuance

of the Kentucky Personnel Board's decision which Plaintiff claims harms him.  Once again, the

Final Order was issued on July 16, 2014.  Therefore, Plaintiff's state-law claims are also barred

by the statute of limitations.

Moreover, to the extent Plaintiff seeks "formal dismissal" of the Kentucky Personnel

Board's ruling in his case, this Court does not have authority to hear an appeal from a decision

by the Kentucky Personnel Board.  Kentucky Revised Statute § 13B.140 provides as follows:

> All final orders of an agency shall be subject to judicial review in accordance with
> the provisions of this chapter.  A party shall institute an appeal by filing a petition
> in the Circuit Court of venue, as provided in the agency's enabling statutes, within
> thirty (30) days after the final order of the agency is mailed or delivered by personal
> service.

Any judicial review of the Kentucky Personnel Board's decision must have been undertaken by a

Kentucky circuit court and not by this federal court.

Plaintiff does not sue the Division of  Forestry, but he does sue the Energy &

Environmental Cabinet.  To the extent that Plaintiff sues the Energy & Environmental Cabinet

for employment discrimination, retaliation, and harassment based on his termination, even if

these claims were not also barred by the statute of limitations, such claims are brought under

Title VII of the Civil Rights Act of 1964.  Under Title VII, it is unlawful for any employer "to

fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).  Title VII also "prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII[.]"  *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000).

Before an employee may file suit under Title VII, he or she must first exhaust his or her administrative remedies with the EEOC.  *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006).  "Only after . . . the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court."  *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989); *Granderson*, 211 F. App'x at 400 ("The proper exhaustion of administrative remedies gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court.").  To that end, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')."  *Id.* (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff does not allege that he filed a charge of employment discrimination with the EEOC related to his termination from the Energy & Environmental Cabinet.  He therefore did not obtain a right-to-letter from the EEOC.  *See EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if []he does not possess a 'right to sue' letter from the EEOC.").  Accordingly, Plaintiff's claims for discrimination, retaliation, and harassment against the Energy & Environmental Cabinet must be dismissed for failure to exhaust administrative remedies.

For the foregoing reasons, all claims against the Kentucky Personnel Board and the Energy & Environmental Cabinet will be dismissed.

## B. South Central Community & Technical College termination

Plaintiff also names as a Defendant South Central Community & Technical College. The only reference to this Defendant in the body of the complaint is the following: "I was terminated from my Biology teaching position from South Central Community & Technical College . . . when they found out about my investigation with MACA." Plaintiff states no other facts concerning this Defendant. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's one sentence statement concerning South Central Community & Technical College is too scant to state a claim. The Court cannot even discern what claims Plaintiff is attempting to assert against it.

Therefore, the claims against South Central Community & Technical College will be dismissed for failure to state a claim upon which relief may be granted.

## C. Falsification of employment records and alteration of records

Plaintiff alleges claims for falsification and alteration of his employment records. He cites no legal authority to support a private cause of action for these claims, and the Court is not aware of any. Therefore, Plaintiff's claims for falsification and alteration of records will be dismissed for failure to state a claim upon which relief may be granted.

### D.  Criminal charges

Plaintiff makes several references in the complaint to what he believes to be criminal conduct by Defendants.  As the Court instructed in its prior Order (DN 30), "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").  Plaintiff is a private citizen and cannot bring criminal charges against anyone.

Therefore, to the extent that Plaintiff is seeking to assert criminal claims against any Defendant, the claims will be dismissed for failure to state a claim upon which relief may be granted.

### E.  Mammoth Cave termination and EEOC hearing

Upon review, the Court will allow Plaintiff's Title VII claim to continue based on his termination from Mammoth Cave.  However, the only appropriate defendant in an employment discrimination action against the federal government or any of its agencies is "the head of the department, agency or unit, as appropriate."  42 U.S.C. § 2000e-16(c).  Therefore, the only proper defendant to the Title VII claim is Defendant Bernhardt.  Therefore, any claims for discrimination, retaliation, and harassment against Defendants Lewis, Clark, and the

"Anonymous False Accusers" will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff also alleges constitutional violations against Defendant Mack-Brown, the EEOC administrative law judge, in the handling of his EEOC hearing after he was terminated from Mammoth Cave.  However, federal administrative judges are entitled to absolute judicial immunity.  *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)).  Therefore, all claims against Defendant Mack-Brown will be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, with regard to Defendant Lewis, Plaintiff states the following:

My second line supervisor, L. Lewis, then wrote a defamatory termination memo and I was terminated for "inappropriate use of cell phone camera with park guests" to imply I was a pervert who videotaped women and children under my lunch table. L. Lewis went on in the memo to further defame me and label me as a detriment to society. This was all being further motivated by the old discrimination appeal that they perceived as sexual harassment.

The Court construes Plaintiff's allegations against Defendant Lewis as asserting claims for libel and defamation.  As discussed above, the statute of limitations for defamation and libel claims is one year.  *See Bargo v. Goodwill Indus. of Ky., Inc.*, 969 F. Supp. 2d at 829; Ky. Rev. Stat. § 413.140(1)(d).  A cause of action for defamation accrues at the time of publication, not when the plaintiff learns or should learn of its existence.  *Lashlee v. Sumner*, 570 F.2d at 109; *see also Caslin v. Gen. Elec. Co.*, 608 S.W.2d at 70.  The letter from Defendant Lewis terminating Plaintiff is dated July 27, 2017.  Therefore, the statute of limitations expired on July 28, 2018.  Plaintiff filed his original complaint on October 29, 2019.  Plaintiff's libel and defamation claims against Defendant Lewis are therefore barred by the statute of limitations and must be dismissed as frivolous.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the Defendants Kentucky Personnel Board, the Energy & Environmental Cabinet, the South Central Community & Technical College, Mack-Brown, Lewis, Clark, and the "Anonymous False Accusers" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Additionally, **IT IS FURTHER ORDERED** that Plaintiff's claims alleging falsification or alteration of reports, any claims alleging criminal conduct, and all state-law claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendants Kentucky Personnel Board, the Energy & Environmental Cabinet, the South Central Community & Technical College, Mack-Brown, Lewis, Clark, and the "Anonymous False Accusers" as parties to the action.

The Court has allowed Plaintiff's Title VII claim against Defendant Bernhardt to proceed for further development.  In allowing the claim to proceed, the Court passes no judgment on the outcome or ultimate merit.

The Court will enter a separate Order directing service on Defendant Bernhardt.

Date:    September 10, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4416.010

12