UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**CHRISTOPHER DALTON THOMAS**   **PLAINTIFF**

v.   **CIVIL ACTION NO. 1:19CV-157-GNS**

**DEB HAALAND** *et al.*   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Dalton Thomas filed the instant *pro se* action proceeding *in forma pauperis*. Upon initial review of the second amended complaint pursuant to 28 U.S.C. § 1915(e), the Court allowed Plaintiff's Title VII claim against the Secretary of the Department of the Interior[1] based on Plaintiff's allegations concerning the termination of his employment with Mammoth Cave National Park and dismissed Plaintiff's claims against the Kentucky Personnel Board; Aarika Mack-Brown, an Administrative Judge with the Equal Employment Opportunity Commission (EEOC); the Kentucky Energy & Environmental Cabinet; Southcentral Kentucky Community & Technical College (SKCTC);[2] Leslie Lewis and Christopher Clark, Plaintiff's supervisors at Mammoth Cave; and "Anonymous False Accusers."

Plaintiff filed a motion to toll the statute of limitations on his defamation claims (DN 49), which the Court had dismissed on initial review. He also filed a motion to amend and/or supplement the complaint to add a claim against the Kentucky Education Professional Standards Board (EPSB) (DN 50). Magistrate Judge H. Brent Brennenstuhl entered an Order (DN 58) directing Plaintiff to file a proposed third amended complaint, and Plaintiff complied (DN 66).

---

[1] At the time the Court conducted the initial review of the second amended complaint, the Secretary of the Department of Interior was David L. Bernhardt. The current Secretary is Deb Haaland. Therefore, Bernhardt has been substituted by Haaland as Defendant in the docket sheet pursuant to Fed. R. Civ. P. 25(d).

[2] Plaintiff referred to this Defendant in the second amended complaint as South Central Community & Technical College. For ease of reference, the Court abbreviates the name of this Defendant as SKCTC herein.

Because Plaintiff has now filed a proposed third amended complaint and has incorporated the demands for relief in the motions into his proposed third amended complaint, the motion to toll the statute of limitations (DN 49) and motion to amend (DN 50) will be denied as moot.

Because Plaintiff is proceeding *in forma pauperis* in this action, the Court is required to conduct an initial review of the proposed third amended complaint. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the claims in the proposed third amended complaint will be dismissed with the exception of Plaintiff's claim that he was terminated from Mammoth Cave in violation of the Americans with Disabilities Act.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff's proposed third amended complaint is lengthy and reiterates many of the facts in the second amended complaint and other previous filings. With regard to Plaintiff's request to add the Kentucky EPSB as a Defendant, he states, "After discovering my protected activity in PACER, the EPSB is attempting to permanently revoke my substitute teaching certificate." He states that he believes this is retaliation and violates state and federal law. He also requests that the Court order the EPSB to drop its case against him. He continues as follows:

> The EPSB continues to slander me with obscene [Mammoth Cave] allegations in efforts to permanently revoke my teaching certificate. Presumably, additional statutes should start once a name is released, because [Mammoth Cave] concealed the identity (or was never known) of two false accusers who defamed me. I believe the liability for this should fall back on [Mammoth Cave].

Plaintiff also asserts that SKCTC terminated him "for issues relating to the [Mammoth Cave] EEO investigation. The [SKCTC] case resulted in Kentucky Human Rights Commission . . . case 8900E . . . . I believe this also constitutes retaliation and I am providing more information on this."

2

Plaintiff also states that he has now discovered evidence of illegal pesticide use and asks the Court to add the Kentucky Division of Forestry and the Kentucky Personnel Board as Defendants. He asserts, "Personnel Board Appeal 2013-291 has been a catalyst for all of this and I still believe they should be accountable for what they posted online. Judge Stivers had previously dismissed these parties before my whistleblower activity was substantiated. Plaintiff will attempt to substitute [Kentucky Division of Forestry] for Energy & Environment Cabinet."

Plaintiff further reiterates the allegations in the complaint as follows:

> The most severe adverse actions taken against me would have never happened. If I had not appealed two wrongful terminations where I had appealed fictional sexual harassment allegations. Most likely I would not have been terminated from [Mammoth Cave] had they not found the other appeal online. I would not have this secondary case with the EPSB if not for my case in PACER and the other appeal online. I would not have been terminated from [SKCTC] had they not found out about FOIA releases relating to a [Mammoth Cave] EEO investigation. I made my appeals in good faith with the understanding that my activity was protected. In both cases I was working in hugely female dominated environments where I had been wrongly accused and treated very unfairly. I believed this violates EEO laws.

With regard to SKCTC, Plaintiff states that "[SKCTC] found out about the [Mammoth Cave] 'cellphone allegation' and I was terminated from teaching biology at [SKCTC]." He continues as follows:

> I gave full-disclosure to them that this was part of an EEO investigation in lengthy talks with Mr. Kennedy, but they had no consideration for that or the fact the allegations were fake. I had a hearing with the Kentucky Human Rights Commission . . . in Complaint #:8900E where I alleged retaliation for my [Mammoth Cave] EEO investigation after mediation was unsuccessful . . . . They alleged I was terminated from [SKCTC] for the allegations at [Mammoth Cave] rather than my EEO complaint and I lost the appeal. The ruling was invalid because the cell phone accusation was fictional.
>
> The fact that there is a rumor related to an EEO investigation should not give an employer the green light to fire an employee in relation to an EEO complaint, but they did. The only requirement for "protected activity" status is that the employee believed his termination violated EEO laws, and I still believe that. I am not able to locate the ruling in the matter but will supplement the record as soon as I can

3

obtain it. More information regarding [SKCTC] had been included in the record prior to my initial Amended Complaints, but was apparently lost in paperwork.

Plaintiff again states that he is "seeking to toll the statute of limitation on defamation of character and/or libel for multiple reasons." He states the following:

> The fact that the EPSB is actively using false statements from my protected activity (PACER) concerning [Mammoth Cave] to assassinate my character, characterize me as a pervert, and take adverse actions is unacceptable. This is proof of defamation going on right now in case #20-EPSB-0067 (see also DN #50). The fictional allegations of inappropriate phone use are still being used against me by the EPSB, 3 years later in most every document they write about me. The EPSB has also refused to acknowledge that Lewis (who wrote the unsigned termination memo) has no credibility and the alleged cell-phone incident was unrelated to work. The EPSB has refused to acknowledge that I was the one being photographed against my will. All the EPSB has is what they have gleaned from my protected activity in PACER including Lewis's original termination memo which I refused to sign.

Plaintiff thereafter reiterates his allegations from previous filings that he was falsely accused by an anonymous visitor at Mammoth Cave of taking photos or videos of her, that the allegations are baseless, and that Mammoth Cave law enforcement interviewed him and found no illegal action on his part. He asserts, "It is wholly illegitimate and abusive to use lies of phantom accusers to assassinate my character. Nobody has a right to use a lie and/or perjury to accuse me of misconduct, not the EPSB, not [Mammoth Cave], not [SKCTC], not the EEOC Judge, not anybody." (Emphasis by Plaintiff omitted.) Plaintiff states, "I believe the defamation statutes with [Mammoth Cave] should also be tolled because the two accusers listed in the EEOC ruling are phantoms and the agency has not released their identity." He maintains, "I cannot sue a phantom, so the liability for this should fall back on the agency. I believe this is a due process violation." He also alleges other "defamatory statements" made by individuals at his EEOC hearing concerning his termination by Mammoth Cave.

Plaintiff next asks the Court to "grant whistleblower protections in Appeal 2013-291 as I have now proven that I was a whistleblower concerning illegal use of pesticides (Exhibit #3 KDA violations). I have also made this request via motion to the AG." He then goes into a lengthy reiteration of his allegations in the second amended complaint about his EEOC hearing and mistakes he alleges were made by Administrative Judge Mack-Brown in the handling of the hearing. He states that he discovered through an open records request that the Kentucky Division of Agriculture cited and fined the Kentucky Division of Forestry "for illegal pesticide use in unsupervised environments." He further states the following:

> The reason why the illegal pesticide use is relevant is because Appeal 2013-291 was a catalyst for all the adverse action and the illegal pesticide use was what started it all. The Personnel Board admitted to firing me for being a whistleblower (complaining about inappropriate use of pesticide Appeal 2013-291 pgs. 9-10) after dismissing the bathroom allegation. Proof of illegal pesticide use further substantiates both of my appeals and undercuts all the adverse actions taken against me related to this appeal. Immediately after raising several concerns to management I was smeared with false allegations of potentially watching a female coworker relieve herself in order to have me terminated.

Plaintiff next alleges due process violations which he states "should include everything from FOIA delay violations (previously submitted emails), to FOIA exemptions (5-7) in concealing identities of false accusers, to barring male complainants from interviewing any women or false accusers at an EEOC court hearing." He goes on to reiterate his complaints about the EEOC hearing and his treatment by Administrative Judge Mack-Brown. Plaintiff continues as follows:

> I have done no wrong, yet I have suffered all of these job losses and keep losing my appeals. I am being accused of crimes but never charged because it is all fictitious and most of this comes via phantom accusers. For example, the EPSB is taking severe adverse actions against me for a fake accusation which was already investigated and reversed by the DOI. It seems this is a double jeopardy and excessive punishment issue. The fact the EEOC Judge based a ruling on issues the DOI had already dismissed also seems to be a double jeopardy issue. No person

5

> should be excessively punished for lies and rumors of phantom accusers or for reporting issues related to illegal activity.

(Emphasis by Plaintiff omitted.)

Further, Plaintiff asks the Court to reconsider its dismissal of the Kentucky Division of Forestry and the Kentucky Personnel Board "[i]n light of the new evidence of illegal pesticide use, the systemic nature of the discrimination, and the fact that the appellate record online was a catalyst for all of this." Plaintiff states that "in cases of systemic discrimination it seems that there could be a loophole where one case of discrimination is used to justify another. Additionally, if my appeals are being used against me there must be a proper way to defend myself."

Finally, under a heading "Disability," Plaintiff states the following:

> It may not be entirely clear why I alleged disability discrimination so I will clarify. I am a little bit off due to having surgery on my spine and shoulder, knee and foot injuries, PTSD, and an anxiety disorder, etc. Sometimes I come off wrong as I suffer from issues related to chronic pain and anxiety. The woman (assuming it was a woman) in the café at [Mammoth Cave] alleged I "seemed off". Female coworkers said I seemed odd but they had no work problems with me (ROI Russel Testimony). [Mammoth Cave] police interpreted this as inappropriate interactions with coworkers (Clemmons testimony). In the forestry incident female coworkers said I seemed "unsure of myself in the wilderness" (Appeal 2013-291 p. 5 #14). However, I am not unsure of myself in the wilderness, I have an anxiety disorder. I also had some difficulty with the terrain concerning the first appeal due to my spine injury.

Plaintiff states, "In a very real sense, the terminations were motivated (in part) because of my disability and gender."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim

6

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

#### A. Kentucky EPSB

The Eleventh Amendment acts as a bar to all claims for relief against a state in federal court, absent a waiver of such immunity by the state. *Doe v. Knox Cty. Bd. of Educ.*, 918 F. Supp. 181, 183 (E.D. Ky. 1996) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)). Eleventh Amendment immunity protects state agencies which are "arms of the state." *Id*. (citing *Mt.*

*Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977)).  Under Ky. Rev. Stat. § 161.028, the EPSB "is recognized to be a public body corporate and politic and an agency and instrumentality of the Commonwealth, in the performance of essential governmental functions." It is therefore an arm of the state.  *Creusere v. Weaver*, No. 99-101 (WOB), 2007 U.S. Dist. LEXIS 98345, at *8 (E.D. Ky. Mar. 20, 2007).  There being no waiver of sovereign immunity by the state for claims against the EPSB, Plaintiff's claims against it for all relief are barred by sovereign immunity.  Therefore, the claims against the EPSB must be dismissed for failure to state a claim upon which relief may be granted.

### B. *Request to toll statute of limitations on defamation and libel claims*

In the proposed third amended complaint, Plaintiff requests the Court to toll the statute of limitations to allow his defamation and libel claims[3] to continue against the individuals who made anonymous complaints about his behavior which led to his termination from Mammoth Cave.  He states that "the two accusers listed in the EEOC ruling are phantoms and the agency has not released their identity."  He maintains, "I cannot sue a phantom, so the liability for this should fall back on the agency."  He also alleges other "defamatory statements" made by individuals at his EEOC hearing concerning his termination from Mammoth Cave.

However, regardless of whether or not the statute of limitations bars the claims, Kentucky law has long established an absolute privilege for statements made by witnesses in judicial proceedings, even if the statements were false or motivated by malice.  *Butts v. Diebler*, 4:12-CV-00114-JHM-HBB, 2014 U.S. Dist. LEXIS 79986, at *32-33 (W.D. Ky. June 12, 2014)

---

[3] Under Kentucky law, "[d]efamation claims, including claims of libel, require proof of: (1) a false and defamatory statement; (2) about the plaintiff; (3) which is negligently published; and (4) which causes injury to reputation." *Fortney v. Guzman*, 482 S.W.3d 784, 789 (Ky. App. 2015) (internal citations omitted).  Defamation by written word is libel while oral defamation is slander.  *Id.* (internal citations omitted).  Regardless of how Plaintiff categorizes his defamation claims, the claims are barred because they are subject to an absolute privilege.

(citing *McClarty v. Bickel*, 159 S.W. 783, 784 (Ky. 1913)). The defense of absolute privilege also applies to statements made preliminary to a judicial proceeding. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990) ("Communications by parties and witnesses are protected to promote the development and free exchange of information and to foster judicial and extra-judicial resolution of disputes."). The absolute judicial privilege applies "to any statements made in an EEOC action that are relevant to the charge." *Craddock v. Fedex Corp. Servs.*, No. 2:17-cv-02780-TLP-cgc, 2019 U.S. Dist. LEXIS 33872, at *11 (W.D. Tenn. Mar. 4, 2019) (applying privilege under Tennessee law); *see also Kettering v. Diamond-Triumph Auto Glass, Inc.*, 24 F. App'x 352, 358 (6th Cir. 2001) ("statements made to the [EEOC] are absolutely privileged" under Ohio law); *Jordan v. Wal-Mart Stores*, No. 7:05-212-KKC, 2005 U.S. Dist. LEXIS 63354, at *4-5 (E.D. Ky. Oct. 17, 2005) (applying Kentucky's absolute judicial privilege to allegedly defamatory statements made in testimony in Kentucky unemployment hearing).

Upon review, the statements by the anonymous accusers referenced in the EEOC ruling and the statements by witnesses in the EEOC proceedings are subject to the absolute judicial privilege and cannot support a defamation claim. Therefore, Plaintiff's defamation and libel claims must be dismissed for failure to state a claim upon which relief may be granted.

### C. SKCTC

Upon initial review of the second amended complaint, the Court dismissed Plaintiff's claim against SKCTC finding that he failed to include allegations against it that would satisfy the short-and-plain-statement requirement of Fed. R. Civ. P. 8(a). In his proposed third amended complaint, Plaintiff alleges that SKCTC terminated him in retaliation for filing the discrimination action concerning his termination from Mammoth Cave.

Title VII of the Civil Rights Act of 1964 "prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII[.]" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000). Before an employee may file suit under Title VII, he must first exhaust his administrative remedies with the EEOC. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). "Only after . . . the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court." *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989); *Granderson*, 211 F. App'x at 400 ("The proper exhaustion of administrative remedies gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court."). To that end, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Id.* (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff attaches a charge of discrimination filed with the Kentucky Commission on Human Rights against SKCTC dated October 22, 2018, and states in the proposed third amended complaint that he did not prevail at a hearing on the charge. However, Plaintiff does not attach a right-to-sue letter related to the charge against SKCTC. *See EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if []he does not possess a 'right to sue' letter from the EEOC."). Accordingly, Plaintiff's claims for retaliation against SKCTC must be dismissed for failure to exhaust administrative remedies.

### D. Kentucky Division of Forestry termination and Personnel Board decision

Plaintiff states that he seeks to add the Kentucky Division of Forestry and the Kentucky Personnel Board as Defendants because he has discovered that the Division of Forestry was cited

10

for illegal pesticide use and states that the citation was based on complaints that he made as a whistleblower. He asks that the Court "grant whistleblower protections in Appeal 2013-291 as I have now proven that I was a whistleblower concerning illegal use of pesticides."

Upon initial review of the second amended complaint, the Court dismissed Plaintiff's claims against the Energy and Environmental Cabinet and the Kentucky Personnel Board concerning his termination from the Kentucky Division of Forestry on grounds that the claims were barred by the statute of limitations and that this Court has no authority to review a Kentucky Personnel Board decision. The Court also dismissed Plaintiff's claims of employment discrimination, retaliation, and harassment because Plaintiff failed to exhaust his remedies with the EEOC under Title VII.

Even assuming that Plaintiff's termination was wrongfully based on his whistleblowing activities, his claims against the Division of Forestry and the Personnel Board would still be subject to dismissal for the above reasons. More specifically, the Kentucky Personnel Board's "Final Order Sustaining the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order as Altered" was dated July 16, 2014. Therefore, the statute of limitations for Plaintiff's § 1983 claims expired one year later on July 16, 2015. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Plaintiff filed the original complaint on October 29, 2019. Therefore, Plaintiff filed his complaint over four years after the statute of limitations expired. The fact that Plaintiff may now have "substantiated" that his whistleblowing activities caused his termination, his claims concerning the Personnel Board decision are still barred by the statute of limitations. Moreover, even if Plaintiff has now found evidence that he was a whistleblower, this Court still has no authority to review a Kentucky Personnel Board decision,

and Plaintiff's Title VII claims must still be denied for failure to exhaust administrative remedies.

Moreover, to the extent the Court could construe Plaintiff's allegations as asserting a claim under the Kentucky Whistleblower Act, Ky. Rev. Stat. § 61.101 *et seq.*, against the Kentucky Division of Forestry, the claim would be barred by Eleventh Amendment sovereign immunity. Under Ky. Rev. Stat. § 61.103(2), an employee may file suit under the Kentucky Whistleblower Act "in the Circuit Court for the county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has his principal place of business." In *Rose v. Stephens*, 291 F.3d 917, 924 (6th Cir. 2002), the Sixth Circuit concluded that "'[i]n order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal* court.'" *Id*. (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Accordingly, the language of the Whistleblower Act, "which specifically waives Kentucky's sovereign immunity only in its own courts, is insufficient to waive the state's immunity from suit in federal court." *Id*.

Accordingly, Plaintiff's claims against the Division of Forestry and the Personnel Board must be dismissed for failure to state a claim upon which relief may be granted.

### *E. EEOC hearing and Administrative Judge Mack-Brown*

Plaintiff also alleges a Due Process Clause violation, double jeopardy, and "excessive punishment" in his EEOC proceeding. As the Court found in its initial review of the second amended complaint, Plaintiff's claims against Mack-Brown in the handling of the EEOC hearing must be dismissed because federal administrative judges are entitled to absolute judicial

immunity.  *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)).

To the extent that Plaintiff seeks to bring a due process claim against the EEOC, "[a] preliminary agency determination which is not final, and which may be appealed to a federal court, cannot violate due process.  Due process is satisfied if there is an opportunity to be heard before agency order becomes final."  *Connor v. United States EEOC*, 736 F. Supp. 570, 572-73 (D.N.J. 1990) (citing *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 598 (1949)); *see also Rhoades v. Kasich*, No. 18-4034, 2019 U.S. App. LEXIS 30595, at *5 (6th Cir. Oct. 11, 2019) ("Due process is satisfied if there is an opportunity to be heard before any final order of the agency becomes effective.") (internal quotation marks and citation omitted).  "The EEOC merely processes complaints pursuant to the federal regulations.  Any EEOC determination is non-final and non-binding because the complaining party may appeal to the federal district court, regardless of whether it receives a favorable or unfavorable EEOC determination."  *Connor*, 736 F. Supp. at 573; *see also Milhous v. EEOC*, No. 97-52421998 U.S. App. LEXIS 6042, at *3 (6th Cir. Mar. 24, 1998) (holding that no "cause of action for violation of plaintiff's civil rights arise[s] from the alleged mishandling of her discrimination complaint").  Therefore, Plaintiff cannot bring a due process claim based on his EEOC proceeding.

Moreover, the Double Jeopardy Clause of the Fifth Amendment applies only in criminal proceedings, not in civil proceedings.  *United States v. Ryan*, 810 F.2d 650, 653 (6th Cir. 1987).  And the Cruel and Unusual Punishments Clause of the Eighth Amendment does not apply because Plaintiff was not criminally prosecuted.  *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

For these reasons, Plaintiff's claims alleging constitutional violations in his EEOC proceeding must be dismissed for failure to state a claim.

### F. Disability discrimination

Finally, Plaintiff alleges that his termination from Mammoth Cave was a result of both gender discrimination and disability discrimination. <u>Upon review, the Court will allow Plaintiff's claim that he was terminated in violation of the Americans with Disabilities Act to proceed against the Secretary of the Department of Interior along with this Title VII claim</u>.

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the Kentucky EPSB, SKCTC, Kentucky Division of Forestry, Kentucky Personnel Board, and Administrative Judge Mack-Brown and his defamation and libel claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the motion to toll the statute of limitations (DN 49) and motion to amend (DN 50) are **DENIED as moot**.

The Court has allowed Plaintiff's Title VII and Americans with Disabilities Act claims against Defendant Haaland to proceed for further development. In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

The **Clerk of Court is DIRECTED** to re-docket pages 20-21 of the Proposed Third Amended Complaint, in which Plaintiff alleges that he was terminated because of his disability,

as a Third Amended Complaint. **Defendant shall file an answer to the Third Amended Complaint within 30 days of the entry date of this Order**.

In addition, Plaintiff filed a motion to add exhibits to his proposed third amended complaint (DN 72). However, upon review of the exhibits, none of them are relevant to Plaintiff's claim that he was terminated in violation of the Americans with Disabilities Act. Therefore,

**IT IS ORDERED** that the motion to add exhibits (DN 72) is **DENIED**.

Date: April 20, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4416.010