# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:19-CV-00157-GNS-HBB

**CHRISTOPHER DALTON THOMAS**                                                              **PLAINTIFF**

**VS.**

**DEB HAALAND**[1]                                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Amend Pleadings filed by Plaintiff Christopher D. Thomas (DN 96). In compliance with the undersigned's order (DN 101), Thomas filed his proposed Fourth Amended Complaint (DN 107), Defendant Deb Haaland filed a response (DN 112), and Thomas filed a reply (DN 113). For the reasons set forth below, Thomas' motion (DN 96) is **GRANTED IN PART** and **DENIED IN PART**.

### Thomas' Motion

Thomas' proposed Fourth Amended Complaint expands upon the causes of action under Title VII and Americans with Disabilities Act that the Court has allowed to proceed for further development. It also adds the following new causes of action: (1) a federal Whistleblower Protection Act claim premised upon his reporting dangerous and illegal uses of pesticides while he was an employee of the Commonwealth of Kentucky in 2013; (2) a claim under the False Claims Act; (3) a claim under 18 U.S.C. § 1001; (4) claims pursuant to 42 U.S.C. §§ 1983 and 1985; and (5) a claim under 42 U.S.C. § 1981.

---

[1] The current Secretary of the Department of Interior is Deb Haaland. Therefore, David L. Bernhardt, the former Secretary of the Department of Interior, has been substituted by Haaland as Defendant in the docket sheet pursuant to Fed. R. Civ. P. 25(d).

Haaland's Response

Haaland argues that Thomas' motion should be denied because adding the proposed additional causes of action would be futile. Haaland provides comprehensive explanations why each of the proposed additional causes of action could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1).

Thomas' Reply

Thomas rehashes his assertions concerning the proposed cause of action under the Whistleblower Protection Act. Thomas acknowledges that the False Claims Act may not applying here, and he asks the Court to allow him to instead pursue a cause of action under the Federal Tort Claims Act. Thomas concedes that he lacks sufficient legal knowledge to respond to Haaland's contentions as to his proposed claims under 18 U.S.C. § 1001 and 42 U.S.C. §§ 1981, 1983, and 1985.

Discussion

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In assessing the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss. *See* Demings v. Nationwide Life Ins. Co., 593 F.3d 486, 490 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 691-692 (6th Cir. 2006); Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." Cato v. Prelesnik, No. 1:08-cv-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010) (citing Rose, 203 F.3d at 420-421); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Additionally, a proposed amendment will not survive a Rule 12(b)(6) motion to dismiss if no law supports the claim made. Neitzke v. Williams, 490 U.S. 319, 327-328 (1989).

The undersigned will now address, in reverse order, the arguments of the parties. Haaland argues, Thomas concedes, and the undersigned finds that the proposed additional claims under the False Claims Act, 18 U.S.C. § 1001, and 42 U.S.C. §§ 1981, 1983 and 1985 would be futile. Additionally, to the extent that Thomas seeks leave to pursue a claim under the Federal Tort Claims Act, instead of the False Claims Act, such a claim would be futile because the Court lacks subject matter jurisdiction due to Thomas failing to exhaust administrative remedies required by the Federal Tort Claims Act. *See* Caviar v. United States Fish & Wildlife Servs., No. 1:07-CV-304, 2008 WL 5245898, at *7-8 (E.D. Tenn. Dec. 15, 2008) (citations omitted). Therefore, Thomas'

motion will be denied as to his proposed additional claims under the False Claims Act, 18 U.S.C. § 1001, and 42 U.S.C. §§ 1981, 1983 and 1985 because these claims would be futile.

Next, Haaland argues, Thomas does not dispute, and the Court finds that a claim under the Whistleblower Protection Act would be futile because Thomas failed to exhaust the mandatory administrative remedies, set forth in the Civil Service Reform Act, that are a jurisdictional prerequisite to suit. *See* Weaver v. United States Info. Agency, 87 F.3d 1429, 1433 (D.C. Cir. 1996); Magowan v. Lowery, 166 F. Supp. 3d 39, 64 n.9 (D. D.C. 2016); Manning v. McDonald, 3:16-CV-00706, 2016 WL 8254929, at *3 (M.D. Tenn. Nov. 9, 2016), report and recommendation adopted by 2017 WL 587979 (M.D. Tenn. Feb. 13, 2017). Therefore, Thomas' motion will be denied as to his proposed additional claim under the Whistleblower Protection Act because this claim would be futile.

Finally, Haaland has not objected the proposed Fourth Amended Complaint to the extent that it expands upon the existing causes of action under Title VII and Americans with Disabilities Act that the Court has already allowed to proceed for further development. Therefore, Thomas' motion will be granted to the extent that his proposed Fourth Amended Complaint expands upon the existing causes of action under Title VII and Americans with Disabilities Act.

## ORDER

**IT IS HEREBY ORDERED** that Thomas' Motion to Amend Pleadings (DN 96) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Thomas' Motion to Amend Pleadings is **DENIED** as to his proposed additional claims under the False Claims Act, 18 U.S.C. § 1001, 42 U.S.C. §§ 1981, 1983 and 1985, the Federal Tort Claims Act, and the Whistleblower Protection Act because they would be futile.

**IT IS FURTHER ORDERED** that Thomas' Motion to Amend Pleadings is **GRANTED** to the extent his proposed Fourth Amended Complaint expands upon the existing causes of action under Title VII and Americans with Disabilities Act that the Court has already allowed to proceed for further development.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to file the proposed Fourth Amended Complaint (DN 107).

**IT IS FURTHER ORDERED** that **by no later than August 27, 2021**, Haaland must answer or otherwise respond to those portions of the Fourth Amended Complaint expanding upon the existing causes of action under Title VII and Americans with Disabilities Act that the Court has already allowed to proceed for further development.

August 5, 2021

*[signature]*

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Christopher Dalton Thomas, *pro se*
           Counsel of Record