UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00157-GNS-HBB

**CHRISTOPHER DALTON THOMAS**　　　　　　　　　　　　　　　**PLAINTIFF**

VS.

**DEB HAALAND**[1] *et al.*　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher D. Thomas has filed a motion to set aside the final agency decision concerning his termination from employment at Mammoth Cave National Park (DN 111). Defendant Deb Haaland has filed an objection in response (DN 119), and Thomas has filed a reply (DN 120). For the reasons that follow, Thomas' motion (DN 111) is **DENIED**.

### Thomas' Motion

Thomas contends that the August 8, 2019 Administrative Law Judge ("ALJ") decision—unfavorably ruling on his Title VII claim—became the "Final Agency Decision" as a result of the Equal Employment Opportunity Commission's ("EEOC") decision dated February 9, 2021 (Id. at PageID # 1303). Thomas argues the "Final Agency Decision" should be set aside because it is based on falsified evidence and delusional allegations, instead of substantial credible evidence in the record (Id. at PageID # 1303-24). Thomas states "[a]s far as I know" the Court has the authority to vacate this "Final Agency Decision" (Id. at PageID # 1303).

---

[1] The current Secretary of the Department of Interior is Deb Haaland. Therefore, David L. Bernhardt, the former Secretary of the Department of Interior, has been substituted by Haaland as Defendant in the docket sheet pursuant to Fed. R. Civ. P. 25(d).

### Haaland's Response

Defendant Deb Haaland asserts that the motion should be denied because Thomas "offers no legal foundation or precedence" for moving the Court to reach back into the EEOC's administrative process and enjoin the EEOC in some fashion (DN 119 PageID # 1453-55). Additionally, Haaland points out that Thomas' motion has nothing to do with the action before the Court which is limited to determining whether termination of Thomas' temporary federal position at Mammoth Cave National Park violated the Americans with Disabilities Act and Title VII (Id.).

### Thomas' Reply

In reply, Thomas explains that setting aside the Final Agency Decision "is one of the primary objectives for bringing this case to federal court" (DN 120 PageID # 1490). Thomas explains that "[a]s a result the FAD and EEOC ruling, I have been unemployable since July 2017 and suffered severe emotional distress. I have had both employment and appellate records falsified in efforts to assassinate my character and conceal the misconduct of opposing parties." (Id.). Thomas claims the delusional allegations on which these decisions are based "are not evidence of my conduct, they are evidence of slander which was used as a means to discriminate against me" (Id.).

### Discussion

The District Judge conducted an initial screening of Thomas' *pro se* second amended complaint, pursuant to 28 U.S.C. § 1915(e), and allowed only Thomas' Title VII and Americans with Disabilities Act claims against Haaland to proceed for further development (DN 86 PageID # 1018). Subsequently, the undersigned granted Thomas' Motion to Amend Pleadings only to

the extent that his proposed Fourth Amended Complaint expands upon the existing causes of action against Haaland under Title VII and Americans with Disabilities Act (DN 117 PageID # 1371).

Because the EEOC is not a party to the action, the Court has no jurisdiction to order the EEOC to vacate or set aside what Thomas claims is a "Final Agency Decision." Moreover, in response to Thomas' previous challenge to the August 8, 2019 and February 9, 2021 decisions, the undersigned explained that his Title VII claim against Haaland will be adjudicated *de novo* or "independent of the ruling of the EEOC" (DN 93 PageID # 1088-89) (citing <u>Metzinger v. United States Dept. of Veterans Affairs</u>, No. 19-10614; No. 20-599 Section "R" (2), 2020 U.S. Dist. LEXIS171250, at *7 (E.D. La. Sept. 18, 2020)). For this reason, the undersigned ruled that Thomas' challenge to the August 8, 2019 and February 9, 2021 decisions "is not authorized under law and is therefore **STRICKEN** from the record" (<u>Id.</u> at PageID # 1089).

Similarly, Thomas' current effort to set aside these decisions is also not authorized under law. This means that Thomas cannot fulfill "one of the primary objectives for bringing this case to federal court" (DN 120 PageID # 1490).

## ORDER

**IT IS HEREBY ORDERED** that Thomas' motion to set aside the Final Agency Decision (DN 111) is **DENIED**.

August 30, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:	Christopher Dalton Thomas, *pro se*
	Counsel of Record