UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00157-GNS-HBB

**CHRISTOPER DALTON THOMAS**                                                      **PLAINTIFF**

**VS.**

**DEB HAALAND** *et al*.                                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of *pro se* Plaintiff Christopher D. Thomas, which the Court construes as a motion to amend his Complaint to assert a claim for punitive damages arising from alleged defamation (DN 139). The United States has filed a Response in opposition (DN 140), and Thomas has not filed a Reply. For the reasons discussed, the motion is **DENIED**.

The last deadline for amendment of pleadings was June 21, 2021 when Thomas was granted leave to file a fourth amended Complaint (DN 101). FED. R. CIV. P. 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." The Sixth Circuit has indicated "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted). Stated differently, a party must show that despite their diligence, the deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, at *3-4 (W.D. Ky. July 6, 2016). "Another relevant consideration is possible prejudice to the party opposing the modification." Inge, 281 F.3d at 625 (citation omitted). However, the Court must first find that the moving party proceeded diligently

before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indem. Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013).

This case has been pending for over two years (*see* DN 1, filed on October 29, 2019). Thomas has been permitted to amend his Complaint four times (DN 5, 34, 87, 118). The present request comes almost five months after the last deadline for amendment of his Complaint (*see* DN 139, filed November 22, 2021). Thomas has failed to demonstrate good cause for amendment of the Complaint.

Further, pursuant to FED. R. CIV. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010). According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."

Thomas predicates his claim for punitive damages on an assertion that it flows from alleged defamation, yet also concedes in his motion that his claim for defamation was barred by the statute of limitation (DN 139) (*see* DN 86 p. 9, dismissing claims for defamation). Consequently, he is attempting to assert a claim for punitive damages based on an underlying cause of action that has been dismissed. Such a claim represents a futility. Punitive damages "are only awarded for other

tort violations; a claim for punitive damages 'is not an independent cause of action.'" Bell v. Kokosing Indus., No. 19-53-DLB-CJS, 2020 U.S. Dist. LEXIS 129400, *87 (E.D. Ky. July 22, 2020) (quoting Price v. AgriLogic Ins. Servs., LLC, 37 F. Supp.3d 885, 901 (E.D. Ky. 2014)).

Moreover, the United States and its agencies have not waived sovereign immunity for claims of defamation or punitive damages. While Congress amended Title VII in 1991 to permit punitive damages, the amendment expressly exempts government agencies. *See* 42 U.S.C. § 1981a(b)(1); *see also* Robinson v. Runyon, 149 F.3d 507, 516-17 (6th Cir. 1998). Furthermore, claims of defamation are not available against the United States and its agencies, nor are punitive damages associated with tort claims. *See* 28 U.S.C. §§ 2674, 2680(h).

**WHEREFORE**, Plaintiff's motion to amend the Complaint to assert a claim for punitive damages (DN 139) is **DENIED**.

December 15, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel of Record
Christopher Dalton Thomas, *pro se*